IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA N. GARCIA<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. |
| STARR COUNTY, TEXAS<br>*Defendant* | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, **MARIA N. GARCIA** is a citizen of the State of Texas.

2. Defendant, **STARR COUNTY, TEXAS**, may be served through the Starr County, Texas County Judge, by delivering a copy of the summons and of the complaint to Starr County, Texas, Judge, ELOY VERA, at 100 N. FM 3167, Rio Grande City, Texas 78582.

### B. Jurisdiction

3. The court has exclusive federal jurisdiction over the lawsuit under 42 U.S.C. §1983 because the suits involves a claim against the Starr County, Texas for failure to treat Plaintiff equally and protect Plaintiff as other citizens in Starr County, Texas. caused by the ELOY VERA in his official capacity as County Judge of Starr County, Texas. Defendant by and through its County Judge Eloy Vera has intentionally treated Plaintiff with prejudice, neglect and has refused to protect Plaintiff.

### C. Venue

4. Venue is proper in this district under 28 U.S.C. § 1402(b) because Plaintiff resides in this district. Plaintiff resides at 5687 Tampico Street, Rio Grande City, Texas 78582.

5. Furthermore Venue is proper in this district under 28 U.S.C. § 1402(b) because Defendant resides in this district. Defendant resides at 100 N. FM 3167, Rio Grande City, Texas

1

78582.

### D. Facts

6. On or approximately May 18, 2022, a storm blew over Rio Grande City, Texas and a drainage ditch next to Plaintiff's home filled up with water and overflowed onto Plaintiff's property. Starr County had constructed a drainage ditch on an empty lot next to Plaintiff's home with its tractors and heavy machinery. Starr County constructed this drainage ditch next to Plaintiff's home. However Starr County did not construct the drainage ditch deep enough and the drainage pipe at the end of the drainage ditch was too small and it held up the drainage of the water. Every time it rains the drainage pipe is too small to drain the water fast enough that the drainage ditch fills up with water and overflows onto Plaintiff's property. This water overflow has continued to occur every time it rains. Plaintiff has a fence between the drainage ditch and edge of her property. The water overflows through Plaintiff's fence and flows under her home. The water overflow has happened so often that the fence has deteriorated and collapsed. Plaintiff's fence and home have been damaged from the water overflow. Every time it rains the water overflows and continues to damage Plaintiff's fence and home. This has continued to the present day. Additionally, grass has grown several feet high onto Plaintiff's fence. Plaintiff has complained to the Starr County Judge numerous times but the County Judge ignores her pleas for help even though she is a citizen of Starr County, Texas. On the opposite side of the drainage ditch, the property is owned by a business owner, and his side is cleaned really well all the way to the cement block fence that he has erected to protect his property from water overflow. Plaintiff is a disabled citizen of Starr County, Texas and is not financially able to erect a cement block fence to protect her property in the same manner as her neighbor. Plaintiff alleges that she is being discriminated against and is not being treated equally and fairly as other Starr County citizens.

7. Additionally, Starr County constructed a fence at the end of the drainage ditch with a gate. Vandals have broken the gate numerous times and caused damage to it. The drainage ditch is a haven for snakes, rats and other animals because Starr County does not clean out the ditch often enough. Plaintiff has seen snakes and rats on her property that have scared her numerous times.

8. Defendant Starr County has refused to treat Plaintiff equally and fairly as it treats

her neighbor and therefore is guilty of unfair and unequal treatment and refused to protect Plaintiff equally as other citizens. Plaintiff is a disabled citizen of Starr County, Texas and Starr County, Texas continues to treat Plaintiff unfairly and unequally. Defendant by and through its County Judge Eloy Vera, has intentionally treated Plaintiff with prejudice and has neglected its responsibilities to protect Plaintiff as it would any other citizen of Starr County, Texas.

### E. Count 1 – Violation of Constitutional Rights
### Plaintiff incorporates Section D as if fully set herein.

9. Starr County has a custom of "prejudice, passion, neglect, intolerance, or otherwise in the treatment of its citizens including Plaintiff. This custom is in violation of 42 U.S.C. Section 1983. This intentional conduct by its County Judge violated Plaintiff's clearly established rights under the United States Constitution against prejudice, passion, neglect, or intolerance of its citizens. *Monroe vs. Pape*, 365 U.S. 167 (1961). "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress." Starr County has caused the deprivation of Plaintiff's right to the use of her property including her home. The Starr County Judge who decided to treat Plaintiff in a manner that violated her Constitutional rights. The Starr County Judge is the official in Starr County, Texas with final policy-making authority. The Starr County Judge intentionally violated Plaintiff's constitutional rights. The intentional conduct of the Starr County Judge was the type of conduct that a reasonable person would know in the treatment of the citizens within its jurisdiction. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

### F. Count 2 - 42 U.S.C. § 1983
### Plaintiff incorporates Section D as if fully set herein

10. a. The Starr County Judge acted intentionally, willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clear constitutional rights. The Starr County Judge intentionally and willfully mistreated, abused, embarrassed, and harassed Plaintiff.

   Starr County has caused the deprivation of Plaintiff's right to the use of her property including her home.

b.  The Starr County Judge intentionally and willfully denied Plaintiff who lives within the jurisdiction of Starr County, Texas "equal protection of the laws." Plaintiff alleges that she has been treated differently than other citizens of Starr County, Texas in violation of 42 U.S.C. Section 1983.

## G. COUNT 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff incorporates Section IV as if fully set herein.**

11.  STARR COUNTY, through its employees, agents and/or representatives, intentionally or recklessly harassed Plaintiff.

12.  Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## H. Damages

13.  As a direct and proximate result of Defendant's willful and intentional conduct, Plaintiff has suffered the following injuries and damages:
   A.  Medical expenses in the past and future.
   B.  Physical pain in the past and future.
   C.  Emotional distress and pain.
   D.  Mental anguish, from the embarrassment, fright, horror, grief, shame, humiliation, and worry in the past and the future and.
   E.  Property damage.
   F.  Expert fees as the Court deems appropriate.
   G.  All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff.
   H.  Inconvenience.

## I. EXEMPLARY DAMAGES

14.  Plaintiff would further show that the intentional acts and/or omissions of Defendant **STARR COUNTY** complained of herein were committed with intent, malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for

engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery of exemplary damages from Defendant.

### J. Jury Trial

15. Plaintiff Demands a Jury Trial.

### K. Prayer

16. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   A. Property damages of $20,000.00.
   B. Compensatory and/or actual damages.
   C. Costs of suit.
   D. Prejudgment and post judgment interest.
   E. Exemplary punitive damages as provided by law.
   F

   . All other relief the court deems appropriate.

Respectfully submitted,

By: _____
JESUS SOTELO
State Bar No. 18855725
Federal ID. 14234
509 E. Expressway 83
Donna, Texas 78537
Telephone:   (956) 283-8484
Email:         JSTL256@MSN.COM
Texas Bar No. 18855725
Federal Bar Number: 14234
Attorney for Plaintiff